EDMOND J. OLES

*vs.*

FRANK P. FURLONG, CO-EXTR., ET AL.

Superior Court          Hartford County          File No. 67629

MEMORANDUM FILED OCTOBER 10, 1944.

*Shipman & Goodwin,* of Hartford, for the Plaintiff.

*William M. Harney,* of Hartford, for the Defendants.

O'SULLIVAN, J.   It is solely to the record that one looks in deciding a motion to erase, and to grant the motion it must clearly appear that the court is without jurisdiction. *Reilly vs. Pepe Co.,* 108 Conn. 436, 443.

The record discloses these facts:   The estate of Harry S. Bond, deceased, is in process of settlement in the Probate Court for the District of Hartford.   An application was presented by the executors of his will to sell certain personalty owned by the estate to Willard B. Rogers, who was also one of the executors making the application.   On April 20, 1942, the court

disapproved the application and, in the same decree, directed the executors to file a petition based on section 4951 of the General Statutes, Revision of 1930, wherein they were to ask the court to appoint a disinterested person to sell the personalty. Edmond J. Oles is likewise an executor and legatee and, being aggrieved by the decree, took an appeal to the Superior Court. Certain legatees under the will have now filed the instant motion and seek to have the appeal erased from the docket, first, because, they assert, the Probate Court was without power to approve the application the executors had presented, and secondly, because, they assert, the application was in violation of Section 4951 of the General Statutes, Revision of 1930.

Section 4951 provides that "the court...may, on the written application of an executor....authorize another person to sell any property belonging to such estate ordered sold....at any sale so made....the executor may be a purchaser."

If the provisions of the statute are followed, an executor may purchase at a sale conducted in accordance with the court's order without subjecting the purchase to the successful claim that it is voidable. However, it is not obligatory upon an executor to proceed under Section 4951. He has title to all personalty and may sell even to himself. Such a sale is not void but if it is challenged, as it can be, the burden is upon him to establish that the transaction was in all respect fair and equitable. *State vs. Culhane,* 78 Conn. 622, 628; *Sisk vs. Jordan Co.,* 94 *id.* 384, 390; *Sachs vs. Feinn,* 121 *id.* 77, 85.

Instead of seeking to effect a sale to one of the executors through the statutory method (§4951), the executors attempted to obtain the court's approval of the sale, a procedure not recognized by our law. The court was justified in refusing its approval and had it gone no further than to take such action, the appellant, as I understand his position, would have no quarrel. However, the court entered a decree that the executors must follow the statute. This additional order, requiring the executors to effect the sale under the statutory method rather than leaving them free to sell directly, was improper, it seems to me, and took from the executors a right they had to sell as the law allows them. This ought to give them an opportunity to have the seemingly unwarranted part of the probate decree set aside.

The motion to erase is denied.